IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON W. MANN, #B89052, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00421-MJR |
| | ) |
| JASON WHITE, JOHN DOE 1, | ) |
| JOHN DOE 2, C/O GIBBS, FRED, | ) |
| C/O BLOODWORTH, GREG RANDEL, | ) |
| CHARLES GLIDEWELL, | ) |
| GALE GLADSON, and | ) |
| THOMAS KUPFERER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was attacked by three members of an inmate theft ring at Jackson County Jail ("Jail") on January 23, 2013 (Doc. 1, p. 4). Plaintiff now sues the three inmates, including Defendants White, Doe 1 ("The Boxer"), and Doe 2 ("Goldie"), for constitutional violations and for assault and battery. Plaintiff also sues seven Jail officials for numerous constitutional and Illinois state law violations in connection with the assault, including Defendants Gibbs, Fred, Bloodworth, Randel, Glidewell, Gladson, and Kupferer (Doc. 1, p. 2). Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

When Plaintiff filed this action on April 9, 2014, he failed to pay a filing fee or file a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion"). Plaintiff was advised of this fact in a letter from the Clerk of Court (Doc. 2).

1

He was given thirty days to pay his full filing fee or file for IFP status.  Plaintiff timely filed an IFP Motion on May 5, 2014 (Doc. 3).

## **Merits Review Under 28 U.S.C. § 1915A**

Accordingly, this case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d

2

816, 821 (7th Cir. 2009). Upon careful review of the complaint, the Court finds that some of Plaintiff's claims are subject to dismissal under § 1915A.

## The Complaint

According to the complaint, Plaintiff was the victim of a racially motivated attack at Jackson County Jail ("Jail") on January 23, 2013 (Doc. 1, pp. 4, 10). On that date, an inmate gang assaulted Plaintiff in C-dormitory while attempting to steal his personal property. Gang members "posted up" around the alert button and turned off the lights. Working together, Defendants White, Doe 1, and Doe 2, punched Plaintiff in the nose, stabbed him in the abdomen, pushed him onto the floor, and repeatedly kicked him.[1]

When Plaintiff reported the incident to Jail officials later that day, Defendants Gibbs and Fred moved Plaintiff to B-dormitory. However, they blamed him for causing the attack by attempting to alert authorities to the theft ring, saying, "[N]ext time, just keep your mouth shut!" (Doc. 1, p. 6). They refused to interview witnesses identified by Plaintiff or assist Plaintiff in pressing charges against Defendants White, Doe 1, and Doe 2 (Doc. 1, pp. 4, 9). Defendants Gibbs and Fred also failed to secure medical treatment for Plaintiff's injuries.

Plaintiff later learned that the inmate theft ring's conduct was "ongoing and embedded," and Jail officials were aware of it, particularly Defendant Bloodworth. Defendant White was known as a "notorious and problematic offender" (Doc. 1, p. 5). He was regarded by authorities as "potentially assaultive or disruptive" (Doc. 1, p. 5). Even so, Defendant White was placed in C-dormitory with low security, and he was allowed to remain there after the assault.

On January 24, 2013, Plaintiff began filing grievances complaining about the manner in which Defendants Gibbs and Fred handled the situation. Defendants Bloodworth and

---

[1] The attack occurred shortly after Plaintiff returned to the general prison population from segregation. He voluntarily spent the preceding three weeks in segregation, in the hopes of avoiding a racially motivated attack in another dormitory.

Glidewell ignored the grievances and discouraged Plaintiff from filing more (Doc. 1, pp. 5, 7, 10). By the time Plaintiff was convicted and transferred out of the Jail in December 2013, he had received only one grievance back, but with no response (Doc. 1, p. 10).

Plaintiff also filed daily requests for medical treatment between January 24th and February 25th. He sought treatment for injuries he sustained during the attack, including two lacerations to his lower right abdomen, a broken nose, bruised ribs, a swollen torso, and difficulty breathing (Doc. 1, pp. 5, 7). Plaintiff added a request for antibiotic ointment and bandages for his stab wounds. Plaintiff received no response from the medical department, including Defendants Kupferer or Gladson. Instead of an appointment with a medical provider, Plaintiff received a delivery of four Band-Aids and Benadryl. Plaintiff now suffers from unspecified permanent injuries (Doc. 1, p. 8).

On February 25th, Plaintiff "suffered great pain from a bowel induction" and vomited over the course of twenty-four hours (Doc. 1, p. 8). When Plaintiff asked to see a nurse, Defendant Gibbs made fun of Plaintiff, asking him if he had been drinking toilet water. He told Plaintiff to submit a sick call request. Plaintiff did so but was not scheduled for an appointment with a nurse until February 26th. By then, Plaintiff was feeling better.

Plaintiff now sues his three inmate attackers, including Defendants White, Doe 1, and Doe 2, for inflicting cruel and unusual punishment in violation of his constitutional rights and for assault and battery in violation of Illinois law (Doc. 1, p. 11). He sues the remaining defendants, including Defendants Gibbs, Fred, Bloodworth, Randel, Glidewell, Gladson, and Kupferer for failing to protect him, failing to provide medical treatment for his injuries, and ignoring his grievances in violation of his constitutional rights and for assault and battery and negligence in violation of Illinois state law.

**Discussion**

The applicable analytical framework for Plaintiff's constitutional claims depends on his status as an arrestee, detainee, or convict. The complaint indicates that Plaintiff was convicted following the events giving rise to this action. Based on this, the Court assumes that Plaintiff was a pretrial detainee at all relevant times. Plaintiff's complaint therefore arises under the Due Process Clause of the Fourteenth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Even so, Eighth Amendment case law can generally be used as a "guide in evaluating his claims." *Budd*, 711 F.3d at 842 (citation omitted); *Kingsley v. Hendrickson*, --- F.3d ---, 2014 WL 806956, *4-*5 (7th Cir. March 3, 2014).

Against this backdrop, the Court finds it convenient to divide this action into five counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Fourteenth Amendment claim against Defendants White, Doe 1, and Doe 2 for attacking Plaintiff.**

**Count 2:** **Fourteenth Amendment claim against Defendant Jail Officials[2] for failing to protect Plaintiff from an excessive risk of inmate attack.**

**Count 3:** **Fourteenth Amendment claim against Defendant Jail Officials for ignoring Plaintiff's grievances.**

**Count 4:** **Fourteenth Amendment claim against Defendant Jail Officials for deliberate indifference to Plaintiff's medical needs.**

---

[2] For ease of reference, Defendants Gibbs, Fred, Bloodworth, Randel, Glidewell, Gladson, and Kupferer are collectively referred to as "Defendant Jail Officials."

   **Count 5:**  Illinois assault and battery and negligence claims against Defendant Jail Officials and Inmates.

**Count 1:**

   The complaint states no constitutional claim against Defendants White, Doe 1, or Doe 2 for attacking Plaintiff (**Count 1**) on January 23, 2013. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Because the three inmate attackers were not acting "under color of state law" when they allegedly attacked Plaintiff, he cannot proceed against them in this § 1983 action. **Count 1** shall therefore be dismissed with prejudice against all three inmates, including Defendants White, Doe 1, and Doe 2.

**Count 2:**

   The complaint states a colorable failure to protect claim (**Count 2**) against Defendants Gibbs, Fred, and Bloodworth. "A detainee establishes a § 1983 claim by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000) (quoting *Payne for Hicks v. Churchish*, 161 F.3d 1030, 1041 (7th Cir. 1998)). Even exposing a detainee to the "heightened risk of future injury" without actual harm "is itself actionable." *Budd*, 711 F.3d 840, 843 (7th Cir. 2013). *See also Wright v. Miller, et al.*, --- F.3d ---, 2014 WL 1410447, *3 (7th Cir. 2014) (citing *Thomas v. Illinois*, 697 F.3d 612, 614-16 (7th Cir. 2012) (explaining that "probabilistic harm" could allow recovery); *Weiss*, 230 F.3d at 1032 (reversing summary judgment and remanding for trial where evidence suggested that prison official knew of substantial risk that an

inmate would be attacked but said, "you have to face the music sometime."); *Walsh v. Mellas*, 837 F.2d 789, 798-99 (7th Cir. 1988) (ruling that evidence supported claim that prison officials violated Eighth Amendment when they placed inmate in cell with a gang leader despite his threats against inmate)).

Here, where Plaintiff was actually attacked and harmed soon after leaving protective custody and being placed in C-dormitory amidst a well-known violent inmate theft ring, Plaintiff has stated an actionable failure to protect claim. Defendant Gibbs, Fred, and Bloodworth were allegedly aware of an "ongoing and embedded" problem with the violent inmate theft ring in C-dormitory when Plaintiff was placed there. The fact that he was transferred from C-dormitory following his attack does not deprive Plaintiff of his claim against these defendants—at least not at this early stage in litigation. Accordingly, Plaintiff shall be allowed to proceed with Count 2 against Defendants Gibbs, Fred, and Bloodworth.

However, Count 2 shall be dismissed against all remaining jail official defendants, including Defendants Randel, Glidewell, Gladson, and Kupferer. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The complaint does not allege that any of these defendants were involved in the decision to move Plaintiff into C-dormitory or failed to intervene and protect Plaintiff from the assault despite knowledge of an excessive risk of harm to Plaintiff in the C-dormitory. Accordingly, Count 2 shall be dismissed against these defendants.

In summary, Plaintiff shall be allowed to proceed with **Count 2** against Defendants Gibbs, Fred, and Bloodworth. However, this claim shall be dismissed without prejudice against all remaining defendants.

**Count 3:**

The complaint states no claim against Defendants for ignoring Plaintiff's grievances (**Count 3**). Plaintiff complains that Defendants failed to respond to his grievances addressing the assault and his need for medical treatment. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Thus, Plaintiff has no claim against Defendants, merely because they did not adequately respond to his grievances and his complaints about his lack of medical treatment. **Count 3** shall be dismissed with prejudice against all of the defendants.

**Count 4:**

The complaint articulates a colorable Fourteenth Amendment claim against Defendants Gibbs, Fred, Gladson, and Kupferer for failing to provide Plaintiff with adequate medical care for the injuries he sustained during his assault (**Count 4**). Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment, just as convicted prisoners have under the Eighth Amendment. *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188,

191 (7th Cir. 2013); *Klebanowski*, 540 F.3d at 637; *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).

Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). At this early stage, the complaint appears to satisfy both prongs of this test as it pertains to the actions of Defendants Gibbs and Fred in refusing to secure treatment for Plaintiff's injuries following the assault and as it relates to Defendants Gladson and Kupferer for ignoring Plaintiff's daily requests for a medical appointment in early 2013.

Accordingly, Plaintiff shall be allowed to proceed with **Count 4** against Defendants Gibbs, Fred, Gladson, and Kupferer. Because no allegations suggest that the remaining defendants deprived Plaintiff of access to medical care, Count 4 shall be dismissed against all remaining defendants.

**Count 5:**

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). The Court has original jurisdiction over this § 1983 action. Because the state claims and federal

claims allegedly arise from the same facts, the district court also has supplemental jurisdiction over Plaintiff's related state law claims for: (1) assault and battery; and (2) negligence.

A.     **Assault & Battery**

Plaintiff asserts an assault and battery claim under Illinois law against Defendant Jail Officials and Defendants White, Doe 1, and Doe 2. The assault and battery claim against the Jail Officials fails based on the absolute lack of allegations in the complaint suggesting that they committed these torts. However, Count 5 shall also be dismissed against the three inmate attackers, including Defendants White, Doe 1, and Doe 2. Plaintiff has not been allowed to proceed with any federal claims against them. And because the federal claims against these defendants fail, the Court also declines to exercise supplemental jurisdiction over the related state law claims against them. *See* 28 U.S.C. § 1367(c)(2)-(4). However, the dismissal of **Count 5** against the three inmates shall be without prejudice, so that Plaintiff can file a complaint against them in state court, should he choose to do so.

B.     **Medical Negligence**

Plaintiff raises a medical negligence claim against Defendants Gladson and Kupferer for failing to treat his injuries. A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). However, Plaintiff's negligence claim arises under Illinois law.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report

that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[3] A separate affidavit and report shall be filed as to each defendant, which, in this case, includes Defendants Gladson and Kupferer. *See* 735 ILL. COMP. STAT. § 5/2-622(b). Plaintiff's negligence claims against all remaining defendants fail, even at this early stage, based on Plaintiff's lack of allegations against the other defendants in his statement of claim.

Failure to file the required affidavit with regard to Defendants Gladson and Kupferer is grounds for dismissal of Plaintiff's medical negligence claim against these defendants. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod*, 223 F.3d at 613. However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

---

[3] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. § 5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

In the instant case, Plaintiff has failed to file the necessary affidavit with regard to Defendants Gladson and Kupferer. Therefore, the medical negligence claim in Count 5 is subject to dismissal. Plaintiff shall be allowed 60 days from the date of this Order to file the required affidavit. Should Plaintiff fail to do so in a timely manner, **Count 5** shall be dismissed without prejudice. FED. R. CIV. P. 41(b).

### Request for Injunction

In the complaint, Plaintiff seeks an injunction requiring Defendants Gladson and Kupferer, or their agents, to immediately arrange for Plaintiff to have an x-ray and MRI of his ribs, ankle, and/or nose, in order to assess the extent of injuries caused during the January 2013 attack (Doc. 1, p. 15). It appears that Plaintiff's request for an injunction against these two Jail officials is moot because Plaintiff is no longer confined at the Jail. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at the Jail under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

Under the circumstances presented in this case, Plaintiff is now confined at Menard. Even so, Plaintiff names no Menard officials in this lawsuit, seeks no injunctive relief against said officials, and does not claim that he is presently denied access to treatment for his lingering injuries. Given these considerations, the Court **DENIES** as moot Plaintiff's request for injunctive relief, and the denial is without prejudice.

**Pending Motion**

Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which shall be addressed in a separate Order of this Court.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1** and **3** are **DISMISSED** with prejudice from this action for failure to state a claim upon which relief can be granted. Plaintiff's assault and battery claim in **COUNT 5** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Defendants **WHITE, DOE 1,** and **DOE 2** are **DISMISSED** with prejudice. Defendants **RANDEL** and **GLIDEWELL** are **DISMISSED** without prejudice.

**IT IS ALSO ORDERED** that as to the medical negligence claim in **COUNT 5** against Defendants **GLADSON** and **KUPFERER**, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, no later than 60 days from the date of this Order (on or before July 14, 2014). Should Plaintiff fail to timely file the required affidavit, Plaintiff's medical negligence claim in **COUNT 5** shall be dismissed without prejudice.

As to **COUNTS 2, 4,** and **5** (medical negligence claim), the Clerk of Court shall prepare for Defendants **GIBBS, FRED, BLOODWORTH, GLADSON** and **KUPFERER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his

application to proceed *in forma pauperis* is granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 14, 2014**

s/ MICHAEL J. REAGAN
U.S. District Judge